ACCEPTED
01-15-00567-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/14/2015 12:39:08 PM
CHRISTOPHER PRINE
CLERK

**No. 01-15-00567-CV**

**IN THE COURT OF APPEALS FOR THE FIRST DISTRICT HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/14/2015 12:39:08 PM
CHRISTOPHER A. PRINE
Clerk

**MACKEY GLEN PETERSON, TONYA PETERSON, DON LESLIE PETERSON AND LONNY PETERSON, APPELLANTS**

**v.**

**SILVERADO SENIOR LIVING, INC., D/B/A SILVERADO SENIOR LIVING SUGAR LAND, APPELLEE**

# Appendix Tab 58 - 68

**P. Alan Sanders**
**Tx. State Bar No: 17602100**
**Joshua Davis**
**Tx. State Bar No. 24031993**
**Lewis Brisbois Bisgaard & Smith, LLP**
**Weslayan Tower, Suite 1400**
**24 Greenway Plaza**
**Houston, Texas, 77046**
**(713) 659-6767**
**(713) 759-6830 – Fax**
**Alan.Sanders@LewisBrisbois.com**
**Josh.Davis@LewisBrisbois.com**

TAB 58



FILED
12/16/2014 4:03:16 PM
Stan Stanart
County Clerk
Harris County

**PROBATE COURT 1**

NO. 427,208

| | | |
|---|---|---|
| MACKEY ("MACK") GLEN PETERSON, | § | IN PROBATE COURT NO. 1 |
| PETERSON; TONYA PETERSON, | § | |
| Individually and as Next Friend of RUBY | § | |
| PETERSON; DON LESLIE PETERSON; | § | |
| CAROL PETERSON, Individually and | § | |
| as Next Friend, of RUBY PETERSON; | § | |
| and LONNY PETERSON, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | |
| | § | |
| SILVERADO SENIOR LIVING, INC., | § | |
| d/b/a Silverado Senior Living – Sugar Land, | § | |
| | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

**OBJECTION TO APPLICATION FOR ATTORNEY'S FEES
PURSUANT TO RULE 91(a) ENTERED ON NOVEMBER 10, 2014**

TO: THE HONORABLE JUDGE LLOYD WRIGHT:

NOW COME, MACKEY GLEN PETERSON; TONYA PETERSON, Individually and as Next Friend of RUBY PETERSON; DON LESLIE PETERSON; CAROL PETERSON, Individually and as Next Friend of RUBY PETERSON; and LONNY PETERSON ("Plaintiffs"), file their objection to the application for attorney's fees including the original and supplemental applications filed by DEFENDANT SILVERADO SENIOR LIVING, INC., d/b/a Silverado

1

Silverado Appx. 0478

No. 1-15-586-CV **3768**

Senior Living – Sugar Land ("SILVERADO"), and in support would show the Court as follows:

RULE 91a MOTION TO DISMISS: BACKGROUND

Silverado filed a Rule 91a motion to dismiss on September 25, 2014. Plaintiffs Mack, Don and Lonny filed a Fourth Amended Petition on October 6, 2014 and a Response in Opposition to the pending Rule 91 motion on October 27, 2014. Silverado filed a partial withdrawal and reply on November 6, 2014. The motion to dismiss was heard on November 7, 2014, and the Court granted the motion in error because the allegations, taken as true, together with inferences reasonably drawn from them entitle the Plaintiffs to the relief sought, and additionally and alternatively, Plaintiffs' cause of action has a basis in fact because a reasonable person could believe the facts pleaded. The Order was not final and appealable because it did not dispose of all parties and claims.

On December 3, 2014, Silverado filed a 91a Motion to Dismiss Plaintiffs' Sole Remaining Claim Breach of Trust and/or Breach of Fiduciary Duty. On December 4, 2014, Plaintiffs timely filed their Fifth Amended Petition, which added two new plaintiffs individually and as next friends of Ruby Peterson. Silverado did not object to the filing of the fifth amended petition.

2

Silverado Appx. 0479

On December 9, 2014, the Court held a hearing but did not consider the supplement to Silverado's application for an award of attorney's fees alleging a request to dismiss an additional claim that was not included in its previous motion for dismissal, which was filed on the same day. The Court ruled that the Plaintiffs would have until December 16, 2014 to file their objections to Silverado's motion for Rule 91a award of attorney's fees.

Therefore, Plaintiffs respectfully submit that Silverado waived objection to the filing of their fifth amended petition; that Silverado has not filed an answer to their fifth amended petition or a motion to dismiss the fifth amended petition; and that Silverado's motion for Rule 91a dismissal of the fourth amended petition is moot.

Additionally and alternatively, Plaintiffs respectfully submit that Silverado's motion for dismissal and application for an award of attorney's fees should be denied because the Plaintiffs' allegations, taken as true, together with inferences reasonably drawn from them entitle the Plaintiffs to the relief sought, and additionally and alternatively, Plaintiffs' cause of action has a basis in fact because a reasonable person could believe the facts pleaded. Furthermore, Plaintiffs' pleadings, taken as true, together with reasonable inferences do not support

3

Silverado Appx. 0480

Silverado's claim that the Plaintiffs' claims are groundless and frivolous or groundless and brought for an improper purpose or for harassment.

Plaintiffs respectfully submit that their claims are grounded in fact and law and that they were brought in good faith and not for any dilatory or improper purpose according to the Plaintiffs' knowledge and information at the times the claims were alleged. Additionally and alternatively, Plaintiffs submit that they have alleged the claims contained in their fifth amended petition in good faith, that they are supported by good cause, that they are supported by existing law or good faith argument for meritorious change in the law, and that they should not be dismissed.

Therefore, Plaintiffs object to Silverado's application and supplement application for award of attorney's fees pursuant to TRCP Rule 91a on the grounds that Plaintiffs' allegations, taken as true, together with inferences reasonably drawn from them do not show that their claims are groundless and frivolous or groundless and brought for an improper purpose or for harassment.

Additionally and alternatively, Plaintiffs respectfully submit that Silverado's proffered "evidence" consists of no evidence or insufficient to support it's claim for an award of $117,183.40 attorney's fees pursuant to TRCP Rule 91a.

4

Silverado Appx. 0481

Additionally and alternatively, Plaintiffs respectfully submit that Silverado's claim for an award of attorney's fees pursuant to TRCP Rule 91a is excessive.

To wit, the affidavit of Josh Davis, Esq. dated December 1, 2014 contains claims for an award of $44,489.50 for "Case Assessment, Development, Administratn, but the redacted billing statements for the time period beginning on July 18, 2014 through August 30, 2014 do not provide any evidence of the reasonableness or necessity of the time spent for "fact investigation/development" and "analysis/strategy", which comprise the majority of the 161.5 hours and $28,262 billed by Josh Davis and 91.4 hours and $14,624 billed by Jacob M. Stephens according to the statement of CNA Specialty Claims file 50013-1476 dated 9/30/14 attached to the affidavit of Josh Davis dated December 1, 2014.

Similarly, the statement of CNA Specialty Claims file 50013-1476 dated 10/15/14 attached to the affidavit of Josh Davis dated December 1, 2014 shows a total amount claimed for "fact investigation/development" = $32,052.39 to date and "analysis/strategy" = $17,315.47 to date, but there is no reliable evidence offered to support such claims because the redacted billing statements do not reveal whether the activities were reasonable or necessary. Likewise, there is no way for the Plaintiffs to determine whether the information that was redacted from Silverado's billing statements was privileged or discoverable. Therefore, it is not

5

Silverado Appx. 0482

possible to determine whether the 79.4 hours and $15,086.00 billed by Josh Davis, 43 hours and $7,665.00 billed by Christian Johnson, and 19.9 hours and $3,482.50 billed by Julianne C. Lomax were reasonable and necessary current charges for the period ending on 10/15/14.

Similarly, the statement of CNA Specialty Claims file 50013-1476 dated 11/17/14, invoice No. 1408065, attached to the affidavit of Josh Davis dated December 1, 2014 shows a total current charges in the amount of $18,214.03 including multiple entries for "settlement/non-binding ADR", in which Silverado did not participate. Plaintiffs submit that there is no reliable evidence offered to support such claims because the redacted billing statements do not reveal whether the activities were reasonable or necessary.

Additionally and alternatively, Plaintiffs submit that Silverado is claiming $117,183.40 with regard to defending against the causes of action which were dismissed on November 10, 2014, but the documents attached to the affidavit of Josh Davis do not show that Silverado incurred any obligation to pay $117,183.40 in reasonable and necessary fees related to the causes of action which were dismissed on November 10, 2014. To wit, the billing statements indicate that they were submitted to CNA Specialty Claims file 50013-1476, not to Silverado, and there is no evidence as to what amount, if any, Silverado incurred with regard to

6

Silverado Appx. 0483

defending against the causes of action which were dismissed on November 10, 2014.

Additionally and alternatively, Plaintiffs submit that Silverado is claiming $117,183.40 with regard to defending against the causes of action which were dismissed on November 10, 2014, but it appears that $18,830.00 of that amount was for fees related to its defense against a federal lawsuit filed contemporaneously with this state court proceeding. However, there is no evidence to show which fees were related to the state court proceeding and which fees related to the federal court case because the activity descriptions were too heavily redacted and the fees were not segregated between the two cases. Plaintiffs submit that it was improper for Silverado to claim reimbursement for fees that were chargeable to another case and did not related to claims that were dismissed on November 10, 2014 pursuant to TRCP Rule 91a.

Additionally and alternatively, Silverado claims prospective fees in the event of an appeal. However, Plaintiffs submit that the statements of Josh Davis regarding his opinion as to the amounts of reasonable and necessary fees for handling appeals of this matter are not supported by evidence and are conclusory. To wit, Mr. Davis' affidavit does not provide any method for calculating the amounts of reasonable and necessary fees that would be incurred; it does not state

7

Silverado Appx. 0484

how many hours would be required to be spent; it does not state a reasonable rate per hour; it does not state what activities would be required; and it does not state that the amounts of fees requested are usual and customary in the locality.

CONCLUSION & PRAYER FOR RELIEF

For the reasons stated herein, Plaintiffs pray that this Court deny Silverado's application and supplemental application for an award of attorney's fees pursuant to TRCP Rule 91a. Plaintiffs respectfully request that this Court grant all requested relief and all other and further relief to which they may be justly entitled at law or in equity.

Respectfully submitted

Philip M. Ross
1006 Holbrook Road
San Antonio, TX 78218
Phone: 210/326-2100
Email: ross_law@hotmail.com

By:   /s/  Philip M. Ross
Philip M. Ross
State Bar No. 17304200

THE SCHWAGER LAW FIRM
Candice L. Schwager
1417 Ramada Dr.
Houston, Texas 77062
Tel: (832) 315-8489
Fax: (713) 583-0355
schwagerlawfirm@live.com

8

Silverado Appx. 0485

ATTORNEYS FOR MACK GLEN
PETERSON, TONYA PETERSON,
LONNY PETERSON, DON LESLIE
PETERSON, AND CAROL
PETERSON

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document was e-filed and served on Josh Davis, counsel of record for Silverado, on the 16th day of December, 2014.

/s/ Philip M. Ross
Philip M. Ross

9

Silverado Appx. 0486

No. 1-15-586-CV 3776

NO. 427,208

| | | |
|---|---|---|
| MACKEY ("MACK") GLEN PETERSON, | § | IN PROBATE COURT NO. 1 |
| PETERSON; TONYA PETERSON, | § | |
| Individually and as Next Friend of RUBY | § | |
| PETERSON; DON LESLIE PETERSON; | § | |
| CAROL PETERSON, Individually and | § | |
| as Next Friend, of RUBY PETERSON; | § | |
| and LONNY PETERSON, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | |
| | § | |
| SILVERADO SENIOR LIVING, INC., | § | |
| d/b/a Silverado Senior Living – Sugar Land, | § | |
| | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

ORDER

ON THIS DAY CAME ON TO BE CONSIDERED the Defendant's application and supplemental application for an award of attorney's fees filed by Silverado Senior Living, Inc. After considering the pleadings on file and hearing argument of counsel for the parties, the Court finds that the motion lacks merit and should be Denied. Therefore, the motion is DENIED as follows.

IT IS ORDERED, ADJUDGED and DECREED that the Defendant's application and supplemental application for an award of attorney's fees filed by Silverado Senior Living, Inc. is hereby DENIED.

1

Silverado Appx. 0487

SIGNED: _____ .

_____
Hon. Lloyd Wright
Judge, Probate Court No. 1

2

Silverado Appx. 0488

No. 1-15-586-CV **3778**

Respectfully submitted,

Philip M. Ross, SBN 17304200
1006 Holbrook Road
San Antonio, Texas 78218
Phone: 210/326-2100
Email: ross_law@hotmail.com

By: /s/ Philip M. Ross
Philip M. Ross

Candice Schwager
1417 Ramada Drive
Houston, TX 77062
Phone: 832-315-8489
FAX: 713-583-0355
Attorneys for Don Peterson,
Lonny Peterson and Mack
Peterson

Certificate of Service

I hereby certify that a true and correct copy of the above document was e-filed on December 16, 2014 and sent by email or electronic delivery by agreement to:

Josh Davis
Weslayan Tower, Suite 1400
24 Greenway Plaza
Houston, TX 77046

/s/ Philip M. Ross
Philip M. Ross

3

Silverado Appx. 0489

TAB 59

FILED
12/18/2014 4:44:26 PM
Stan Stanart
County Clerk
Harris County

DATA-ENTRY
PICK UP THIS DATE

**PROBATE COURT 1**

CAUSE NO. 427,208

| | | |
|---|---|---|
| MACKEY ("MACK") GLEN PETERSON | § | IN PROBATE COURT NO. 1 |
| PETERSON; TONYA PETERSON | § | |
| Individually and as Next Friend of | § | |
| RUBY PETERSON; DON LESLIE PETERSON; | § | |
| CAROL PETERSON, Individually and as Next | § | |
| Friend of RUBY PETERSON; and LONNY | § | |
| PETERSON, | § | |
| | § | |
| VS. | § | |
| | § | |
| SILVERADO SENIOR LIVING, INC. | § | |
| d/b/a SILVERADO SENIOR LIVING – | § | |
| SUGAR LAND | § | HARRIS COUNTY, TEXAS |

## SILVERADO'S RESPONSE TO
## PLAINTIFFS' OBJECTION TO APPLICATION FOR ATTORNEY'S FEES
## PURSUANT TO RULE 91(a) ENTERED ON NOVEMBER 10, 2014

Defendant, Silverado Senior Living, Inc. d/b/a Silverado Senior Living Sugar Land

**(Silverado)** files this Response to Plaintiffs' Objection to Application for Attorney's Fees Pursuant

to Rule 91(a) Entered On November 10, 2014[1] (Plaintiffs' Objection) as Ordered by the Court and

expressly agreed by the parties on December 9, 2014.

## I
## PROCEDURAL POSTURE

On November 10, 2014, the Court entered its Order granting Silverado's Rule 91a Motion to

Dismiss the following causes of action which were the only causes ripe for inclusion in the initial

91a filing: false imprisonment, assault and battery, and conspiracy. Silverado timely filed its

Application for Attorney Fees Pursuant to Rule 91a Order Entered on November 10, 2014[2] and First

Supplement thereto[3] (hereinafter globally referred to as "Silverado's Fee Application") as required

---

[1] On file with the Court and incorporated by reference as if set out fully herein.

[2] *Id.*

[3] *Id.*

4844-7770-7809.1

Silverado Appx. 0490

No. 1-15-586-CV **3780**

by the Court and pursuant to Rule 91a. The only other pending motion at issue related to the Rule 91a Order entered on November 10, 2014 is Plaintiffs Motion to Reconsider, Brief in Support and Silverado's Response to the same.[4]

## II
## RULE 11

On December 9, 2014, during the hearing on Silverado's Fee Application, the Court afforded Plaintiffs an opportunity to choose the method by which the fee application and evidence in support of the same would be admitted. The Court offered to permit a full evidentiary hearing to proceed in which lead counsel for Silverado would take the stand, be subject to cross-examination on the itemized invoices and his affidavits, Plaintiffs could preserve objections and the evidence would then be admitted for final *in camera* consideration and ruling. The alternative offered by the Court required agreement by the parties on the record that the Application for Attorney Fees Pursuant to Rule 91a Order Entered on November 10, 2014 and First Supplement thereto[5] constituted prima facie evidence of the reasonableness and necessity of Silverado's attorneys' fees subject to Plaintiff's evidentiary objections, if any, filed no later than 5:00 PM on Tuesday, December 16, 2014 at which time all pending briefing and evidence would be considered by submission. Plaintiffs elected not to proceed with a formal hearing, agreed to the Court's terms and chose to take advantage of the additional time to submit written evidentiary objections. Once Silverado's Response deadline was dictated into the record by the Court as 5:00 PM, Thursday December 18, 2014, Silverado deferred and also agreed.

---

[4] *See* Silverado's Response to Plaintiffs' Motion to Reconsider Rulings, Counter Motion for Sanctions and Brief in Support of Motion to Reconsider and Rescind which is on file with the Court and incorporated by reference as if set out fully herein.

[5] Both on file with the court and incorporated by reference as if set out fully herein.

4844-7770-7809.1

## III
## OBJECTION

Silverado objects to all arguments and issues raised in Plaintiffs' Objection which are beyond and/or outside the scope of Silverado's Fee Application, moves to enforce the Order of the Court and Rule 11 Agreement entered on December 9, 2011, and moves to strike pages two through four (2-4) of Plaintiffs' Objection beginning with the first complete paragraph at page two through the last complete paragraph at page four. Pages two through four of Plaintiffs' Objection simply highlight the time, skill and briefing required in this matter due to Plaintiffs repeated refusal to follow the Court's Orders and agreements of the parties. Plaintiffs' argument in support of its conclusory assertion that the Court granted the Rule 91a in error is cumulative in part, is incomplete as to background, mischaracterizes the procedural history and law governing the Rule 91(a) Order entered on November 10, 2014 and pending Fee Application, and improperly inserts a novel argument that the Fifth Amended Petition is somehow relevant to the pending issues. The parties were not authorized to submit further briefing related to Plaintiffs' Motion to Reconsider or the merits of the underlying Rule 91a Motion to Dismiss which supports Silverado's mandatory attorney fee award. Silverado objects and moves to strike the improper additional argument section related to the substantive Rule 91a Motion to Dismiss which violates the Rule 11 Agreement and Order of the Court.

In addition to the foregoing objection, Silverado specifically objects to Plaintiffs' mischaracterization and obfuscation of the record:

On December 9, 2014, the Court held a hearing but did not consider the supplement to Silverado's application for an award of attorney's fees alleging a request to dismiss an additional claim that was not included in its previous motion for dismissal, which was filed on the same day.

4844-7770-7809.1

*See* (Plaintiffs' Objection at 3). The Court made it clear during the hearing on December 9, 2014 that the Application for Attorney Fees Pursuant to Rule 91a Order Entered on November 10, 2014 *and* First Supplement thereto were properly before the Court and constituted prima facie evidence of the reasonableness and necessary attorney fees incurred by Silverado subject to Plaintiffs' evidentiary objections, if any, and Silverado's response. All parties expressly agreed to the same. Silverado's First Supplement to Application for Attorney Fees Pursuant to Rule 91a Order Entered on November 10, 2014, which was filed on the date of hearing, does not request dismissal of an additional claim and was filed for the limited purpose of supplementing its reasonable and necessary costs and fees incurred between December 1, 2014 and December 9, 2014.[6] Silverado further objects on the grounds that Plaintiffs' recitation and characterization of the background and procedural history related to Silverado's Fee Application as incomplete, inaccurate and/or misleading. TEX. R. CIV. P. 106, 403.

## IV
## ISSUES PENDING FOR THE COURT'S RULING

Plaintiffs continued obfuscation of the facts and issues before the Court necessitate this simple issue statement for the benefit of the Court and clarity of the record. There are two issues pending before the Court related to the Rule 91a Order entered on November 10, 2014.[7]

1. Whether Plaintiffs' motion to reconsider and brief in support should be denied.

---

[6] *See* First Supplement.

[7] Despite Plaintiffs efforts to obtain a ruling on Silverado's 91a Motion to Dismiss Plaintiffs' Sole Remaining Claim of Breach of Trust and/or Breach of Fiduciary Duty, it is not before the Court for ruling until January 8, 2015.[7] The date that controls Silverado's deadlines related to Plaintiffs' Fifth Amended Petition to the extent, if any, it impacts that 91a motion to dismiss and/or necessitates objection, reply, partial withdrawal and/or amendment related to same is the date of hearing: January 8, 2015. TEX. R. CIV. P. 91a.

4844-7770-7809.1

Silverado Appx. 0493

2. Upon denial of the motion to reconsider, the Court will then determine Silverado's reasonable attorney fees with regard to the challenged causes of action pursuant to the lodestar method. If the motion to reconsider is granted and the 91a is overturned, this issue will not be reached

## V
## SUBSTANTIVE RESPONSE SUBJECT TO OBJECTION ABOVE

A) PLAINTIFFS' OBJECTIONS TO SILVERADO'S FEE APPLICATION

Plaintiffs assert the following objections to Silverado's Fee Application:

1) Silverado's proffered 'evidence' consists of no evidence or insufficient to support it's [sic] claim for an award of $117,183.40 attorney's fees pursuant to TRCP Rule 91a. (Plaintiffs' Objection at 4).

2) Silverado's claim for an award of attorney's fees pursuant to TRCP Rule 91a is excessive. (Plaintiffs' Objection at 5).

3) Generally, Plaintiffs object that the redacted invoices in support of fees "do not provide any evidence of the reasonableness or necessity of the time spent" and/or do not constitute "reliable evidence" and/or are "no evidence" with regard to segregation between State and Federal claims. (Plaintiffs' Objection at 5-7).

4) Plaintiffs object that Silverado's insurer assumed the cost of defense. (Plaintiffs' Objection at 6).

5) Plaintiffs submit it was improper for Silverado to claim reimbursement for fees that were chargeable to another case and did not related [sic] to claims that were dismissed on November 10, 2014 pursuant to TRCP Rule 91a. (Plaintiffs' Objection at 7).

6) Plaintiffs' object to Silverado's request for appellate costs: The statements of Josh Davis regarding his opinion as to the amounts of reasonable and necessary fees for handling appeals of this matter are not supported by evidence and are conclusory. (Plaintiffs' Objection at 7-8).

4844-7770-7809.1

**B) Silverado's Response To Plaintiffs' Objections To Fee Application**

Subject to its objections and consistent with the Court's Order and Rule 11 Agreement dictated into the record December 9, 2014, Silverado files the following limited response to redress the issues and/or objections raised by Plaintiffs that specifically pertain to Silverado's Fee Application.

1) Redacted Evidence

Silverado filed and served one hundred thirty-six pages (SSL000001-SSL000136) of properly redacted itemized billing entries in support of its attorney fees and costs and concurrently tendered unredacted copies to the Court for its *in camera* inspection and lodestar analysis. Plaintiffs generically object to all evidence proffered as "insufficient," "no evidence," and/or "not reliable" largely on the basis that portions of the filed billing records were redacted; however, Plaintiffs fail to pin cite a single bates number, line item billing entry and/or lodge a substantive evidentiary objection to afford Silverado an opportunity to meaningfully respond. Additionally, it is important to note that Silverado timely filed its fee application and Plaintiffs failed to timely file a motion to compel and/or any other substantive response to the same prior to the hearing date to seek a ruling on the issues for which they now generically complain and wholly fail to cite any authority. Plaintiffs waived this complaint and expressly agreed on the record that the Fee Application and First Supplement constitute prima facie evidence of the reasonable and necessary fees and costs incurred during the hearing on December 9, 2014. In addition, numerous entries are wholly unredacted and those that are redacted are only redacted to the limited extent necessary to protect the portions that are subject to work product, attorney-client and/or joint defense privileges. *See*

4844-7770-7809.1

(SSL000001-SSL000136).[8] The legal sufficiency of the evidence is for the Court's review and determination – not counsels. *See Long v. Griffin,* 442 S.W.3d 253, 255 (Tex. 2014) citing (*El Apple I, Ltd v. Olivas,* 370 S.W.3d 757, 763(Tex. 2012) (attorneys must provide the *trial court* with the information)); *see also, Borg-Warner Protective Servs. Corp. v. Flores,* 955 S.W.2d 861, 870 (Tex. App. – Corpus Christi 1997, no pet. h.) (attorney fees and costs are determined by the trial judge); *Boyaki v. John M. O'Quinn & Assocs., PLLC,* No. 01-12-00984-CV, 2014 Tex. App. LEXIS 10862 (Tex. App. - Houston [1st Dist.] Sept. 30, 2014, no pet.) (the Court determines what constitutes reasonable and necessary attorneys fees and sufficient evidence under the lodestar method). For the foregoing reasons, Plaintiffs generic and boilerplate objections related to insufficiency of the evidence based upon redaction should be overruled.

2)  SEGREGATION OF FEES

Plaintiffs complain that Silverado improperly seek fees for defense of the corresponding federal lawsuit and failing to segregate the same. For the reasons outlined in Silverado's Fee Application, the costs of defending the federal lawsuit were incurred with respect to the challenged causes of action. *See* Application for Attorney Fees Pursuant to Rule 91a Order Entered On November 10, 2014 at 6-8.[9] However, Silverado segregated its federal fees in an abundance of caution for the benefit of the Court and highlighted each entry on the *in camera* records. Furthermore, Plaintiffs' admit that Silverado segregated the federal fees for the benefit of the Court and solely in an abundance of caution by citing the dollar amount of fees attributable to said defense as of November 30, 2014: $18,830.00. *See* Plaintiffs' Objection at page 7 citing (Exhibit "A" to Application for Fees at ¶8); *but see* (Exhibit "A" to First Supplement at ¶7 reflecting amount of fees

---

[8] On file with the Court and incorporated by reference as if set out fully herein.

[9] Incorporated by reference as if set out verbatim herein.

4844-7770-7809.1

incurred with regard to contemporaneous federal filing equals $19,223.00 as of December 9, 2014). For the reasons enumerated in Silverado's Fee Application, Silverado should be awarded its federal fees pursuant to Rule 91a.7 and Plaintiffs objections regarding segregation must be overruled as the fees were in fact segregated in an abundance of caution.

### 3) APPELLATE FEES

Plaintiffs do not attack the qualifications of Mr. Davis; however, they object that the affidavit supporting fees is conclusory as to appellate fees for the following reasons: it does not provide any method for calculating the amounts of reasonable and necessary fees which would be incurred; it does not indicate the amount of hours required; the reasonable rate per hour; activities required; or the amounts of fees usual and customary in the locality. To the contrary, the current contractual defense rates are included which affords a method by which Plaintiffs could extrapolate and calculate the hours required and fees which would be reasonably incurred. *See* Exhibit "A," to Silverado's First Supplement at ¶6. Additionally, Mr. Davis testifies that the amounts of fees are usual and customary in the locality. *Id* at ¶10. Mr. Davis' qualifications are not at issue and his opinions are based upon his education, knowledge, skill, experience and training. Plaintiffs objections are misplaced as the underlying data complained of is sufficiently present. For the foregoing reasons, Plaintiffs objections should be overruled and Silverado should be granted its appellate costs and fees in the event Plaintiffs choose to appeal.

### 4) EXCESSIVENESS & INSURER'S ASSUMPTION OF DEFENSE

Rule 91a includes a mandatory fee award to the prevailing *party*. TEX. R. CIV. P. 91a.7. Plaintiffs object that Silverado did not actually incur the cost of defense. However, it is irrelevant who ultimately incurs the cost of defense – the prevailing party, in this case Defendant, is entitled to recover its fees. *Id.*

4844-7770-7809.1

With regard to Plaintiffs' generic objection as to excessiveness, the Court is the sole judge as to the reasonableness and necessity of the amount of fees and may adjust the amount *up* or down. *Boyaki*, 2014 Tex. App. LEXIS 10862 at FN3 citing (*Dillard Dep't Stores, Inc. v. Gonzales*, 72 S.W.3d 398, 412 (Tex. App. – El Paso 2002, pet. denied)). The *Dillard* trial court applied the lodestar method of determining fees. *See Gonzales*, 72 S.W.3d at 412. Applying the two prong lodestar analysis, the *Dillard* court adjusted the amount up, *doubled* the hourly rate and then awarded fees. *Id.* The appellate Court found the award was not an abuse of discretion and the Texas Supreme Court denied the petition for review. *Id.* Plaintiffs' general objection that Silverado's fees are excessive should be denied. Furthermore, the time and labor required; level of skill required; effect on other employment due to Plaintiffs late night filings, refusal to follow the Court's orders and/or agreements of the parties, ethical rules and/or basic tenants of law which mandated pulling numerous associates and resources to devote to this matter as opposed to others; time limitations imposed due to the circumstances; amount involved and issues at stake; and the overall undesirability of the case support an increase in the award of attorneys' fees if adjustment is warranted pursuant to the *Johnson* factors. *Id.*

## VI
## PRAYER

Silverado Senior Living, Inc. d/b/a Silverado Senior Living Sugar Land requests the Court grant its objections, deny Plaintiffs' objections, award it its costs and reasonable and necessary attorney fees incurred in an amount not less than $120,552.90. TEX. R. CIV. P. 91a.7; *see also, Drake*, 2014 Tex. App. Lexis 12572 (Tex. App. – Fort Worth Nov. 20, 2014). Silverado further requests its fees for handling the appellee's case in the court of appeals in the amount of $10,000, and $7,500 if plaintiff files a Writ of Error or Petition for Review with the Supreme Court of Texas, and $7,500 if the Writ of Error or Petition for Review is Granted by the Supreme Court of Texas.

4844-7770-7809.1

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*/S/ Christian R. Johnson*

JOSH K. DAVIS
State Bar No. 24031993
CHRISTIAN R. JOHNSON
State Bar No. 24062345
Weslayan Tower, Suite 1400
24 Greenway Plaza
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile

**ATTORNEYS FOR DEFENDANTS,
SILVERADO SENIOR LIVING, INC. D/B/A
SILVERADO SENIOR LIVING SUGAR LAND**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record via e-file, facsimile, hand delivery and/or certified mail, return receipt requested on this 18th of December, 2014.

Philip M. Ross
1006 Holbrook Road
San Antonio, Texas 78218
*Attorney for Plaintiffs*

Candice L Schwager
The Schwager Law Firm
1417 Ramada Dr.
Houston, Texas 77062
*Attorney for Plaintiffs*

Sarah Patel Pacheco
Crain, Caton & James, PC
1401 McKinney Street
1700 Five Houston Center
Houston, Texas 77010
*Attorneys for Carol Manley and David Peterson*

Jill W. Young

4844-7770-7809.1

Silverado Appx. 0499

No. 1-15-586-CV **3789**

MacIntyre, McCulloch, Stanfield & Young, LLP
2900 Weslayan, Suite 150
Houston, Texas 77027

W. Russ Jones
Underwood, Jones Scherrer & Malouf, PLLC
5177 Richmond Ave, Suite 505
Houston, Texas 77056

/S/ Christian R. Johnson

CHRISTIAN R. JOHNSON

4844-7770-7809.1

Silverado Appx. 0500

CAUSE NO. 427,208

| | | |
|---|---|---|
| MACKEY ("MACK") GLEN PETERSON | § | IN PROBATE COURT NO. 1 |
| PETERSON; TONYA PETERSON | § | |
| Individually and as Next Friend of | § | |
| RUBY PETERSON; DON LESLIE PETERSON; | § | |
| CAROL PETERSON, Individually and as Next | § | |
| Friend of RUBY PETERSON; and LONNY | § | |
| PETERSON, | § | |
| | § | |
| VS. | § | |
| | § | |
| SILVERADO SENIOR LIVING, INC. | § | |
| d/b/a SILVERADO SENIOR LIVING – | § | |
| SUGAR LAND | § | HARRIS COUNTY, TEXAS |

**ORDER DENYING PLAINTIFFS' OBJECTIONS TO APPLICATION FOR
ATTORNEY'S FEES PURSUANT TO RULE 91(A)
ENTERED ON NOVEMBER 10, 2014**

BE IT REMEMBERED that on this day came on to be considered Plaintiffs' Objections to

Application for Attorney's Fees Pursuant to Rule 91(a) Entered On November 10, 2014 and the

Court after reviewing Plaintiffs' Objections should be DENIED.

It is therefore ORDERED that Plaintiffs' Objections to Application for Attorney's Fees

Pursuant to Rule 91(a) Entered On November 10, 2014 is HEREBY DENIED in its entirety.

All relief not expressly granted herein is denied.

SIGNED this _____ day of _____ 2014.


_____
JUDGE PRESIDING


4840-2426-4225.1

Silverado Appx. 0501

TAB 60

FILED
12/18/2014 5:01:13 PM
Stan Stanart
County Clerk
Harris County

DATA-ENTRY
PICK UP THIS DATE

**PROBATE COURT 1**

CAUSE NO. 427,208

| | | |
|---|---|---|
| MACKEY ("MACK") GLEN PETERSON | § | IN PROBATE COURT NO. 1 |
| PETERSON; TONYA PETERSON | § | |
| Individually and as Next Friend of | § | |
| RUBY PETERSON; DON LESLIE PETERSON; | § | |
| CAROL PETERSON, Individually and as Next | § | |
| Friend of RUBY PETERSON; and LONNY | § | |
| PETERSON, | § | |
| | § | |
| VS. | § | |
| | § | |
| SILVERADO SENIOR LIVING, INC. | § | |
| d/b/a SILVERADO SENIOR LIVING – | § | |
| SUGAR LAND | § | HARRIS COUNTY, TEXAS |

## SILVERADO'S MOTION TO STRIKE PLAINTIFFS' OBJECTION TO RULE 91A DISMISSAL OF CLAIMS AGAINST SILVERADO, FEE APPLICATION AND MOTIONS FOR SANCTIONS

Defendant, Silverado Senior Living, Inc. d/b/a Silverado Senior Living Sugar Land ("**Silverado**") files this Motion to Strike the Objection To Rule 91a Dismissal Of Claims Against Silverado, Fee Application And Motions For Sanctions filed by Plaintiffs' counsel Candice Schwager, on December 16, 2014 ("Plaintiffs' Second Objection"). This motion does not address Plaintiffs' Objection to Application for Attorney's Fees Pursuant to Rule 91(a) Entered On November 10, 2014 filed by Plaintiffs' counsel, Phillip Ross, on the same day ("Plaintiffs' Fee Objection").

On December 9th, this Court held a hearing on Silverado's Application to Pay Attorney Fees pursuant to the grant of a Rule 91a Motion to Dismiss. Plaintiffs did not object to Silverado's attorney fees, but claimed to have objections. The Court magnanimously granted Plaintiffs additional time to properly respond and object to Silverado's attorney fees, on the condition that they stipulate that the fees were admissible. Plaintiffs agreed to this stipulation and were required to file their objections by December 16th. Silverado agreed to this procedure

4851-0770-3329.1

Silverado Appx. 0502

No. 1-15-586-CV **3792**

as well, and was given until December 18th to respond to any of Plaintiff's attorney fee objections. On December 16, Plaintiffs filed both their Fee Objection as well as Plaintiffs' Second Objection. Plaintiffs' Second Objection in no way addresses Silverado's Fee Application. As such, to the extent that Plaintiffs' Second Objection is meant to object or respond to the amount, reasonableness, or necessity of Silverado's attorney fees, Silverado requests that the Court disregard this motion in its entirety.

Alternatively, to the extent that Plaintiffs' Second Objection is a supplement and/or additional briefing to Plaintiffs' Motion to Reconsider the Rule 91a Order, Silverado hereby incorporates by reference the objections and responses contained in its Response to Plaintiff's Motion to Reconsider Rulings, filed on December 9th. Plaintiffs' Second Objection contains no new facts or law but merely regurgitates Plaintiffs' Brief in Support of their Motion to Reconsider. Moreover, it contains the same, inapplicable arguments regarding the sanctions awarded against Ms. Schwager. Sanctions are not part of the Rule 91a Order, and have no bearing on reconsideration of the Rule 91a Order. Plaintiffs' Second Objection is superfluous and wholly irrelevant to any proceeding currently before this Court, and it should be disregarded.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, Silverado Senior Living, Inc. d/b/a Silverado Senior Living Sugar Land prays that this Court grant its Motion to Strike Plaintiffs' Objection To Rule 91a Dismissal Of Claims Against Silverado, Fee Application And Motions For Sanctions and that Defendant be awarded taxable costs of Court and that the Court grant such other and further relief to which Defendant is justly entitled.

4851-0770-3329.1

Silverado Appx. 0503

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*/s/ Josh K. Davis*

_____
JOSH K. DAVIS
State Bar No. 24031993
CHRISTIAN R. JOHNSON
State Bar No. 24062345
Weslayan Tower, Suite 1400
24 Greenway Plaza
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile

**ATTORNEYS FOR DEFENDANT,
SILVERADO SENIOR LIVING, INC. D/B/A
SILVERADO SENIOR LIVING SUGAR LAND**

4851-0770-3329.1

Silverado Appx. 0504

Silverado Appx. 0505

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record via e-file, facsimile, hand delivery and/or certified mail, return receipt requested on this 18th December, 2014.

Philip M. Ross
1006 Holbrook Road
San Antonio, Texas 78218
*Attorney for Plaintiffs*

Candice L Schwager
The Schwager Law Firm
1417 Ramada Dr.
Houston, Texas 77062
*Attorney for Plaintiffs*

Sarah Patel Pacheco
Crain, Caton & James, PC
1401 McKinney Street
1700 Five Houston Center
Houston, Texas 77010
*Attorneys for Carol Manley and David Peterson*

Jill W. Young
MacIntyre, McCulloch, Stanfield & Young, LLP
2900 Weslayan, Suite 150
Houston, Texas 77027

W. Russ Jones
Underwood, Jones Scherrer & Malouf, PLLC
5177 Richmond Ave, Suite 505
Houston, Texas 77056

/S/ *Josh K. Davis*
_____
JOSH K. DAVIS

4851-0770-3329.1

| MACKEY ("MACK") GLEN PETERSON | § | IN PROBATE COURT NO. 1 |
|---|---|---|
| PETERSON; TONYA PETERSON | § | |
| Individually and as Next Friend of | § | |
| RUBY PETERSON; DON LESLIE PETERSON; | § | |
| CAROL PETERSON, Individually and as Next | § | |
| Friend of RUBY PETERSON; and LONNY | § | |
| PETERSON, | § | |
| | § | |
| VS. | § | |
| | § | |
| SILVERADO SENIOR LIVING, INC. | § | |
| d/b/a SILVERADO SENIOR LIVING – | § | |
| SUGAR LAND | § | HARRIS COUNTY, TEXAS |

**ORDER GRANTING MOTION TO STRIKE PLAINTIFFS' OBJECTION TO RULE 91A DISMISSAL OF CLAIMS AGAINST SILVERADO, FEE APPLICATION AND <u>MOTIONS FOR SANCTIONS</u>**

BE IT REMEMBERED that on this day came on to be considered Silverado's Motion to Strike Plaintiffs' Objection To Rule 91a Dismissal Of Claims Against Silverado, Fee Application And Motions For Sanctions and the Court after reviewing the Plaintiffs' Motion and Defendant Silverado's Motion to Strike finds Silverado's Motion should be GRANTED.

It is therefore ORDERED that Plaintiffs' Objection To Rule 91a Dismissal Of Claims Against Silverado, Fee Application And Motions For Sanctions is HEREBY STRICKEN in its entirety.

All relief not expressly granted herein is denied.

SIGNED this _____ day of _____ 2014.


_____
JUDGE PRESIDING


4840-2426-4225.1

# TAB 61

FILED
1/7/2015 4:58:30 PM
Stan Stanart
County Clerk
Harris County

**PROBATE COURT 1**

CAUSE NO. 427,208 **401**

| | | |
|---|---|---|
| MACKEY ("MACK") GLEN PETERSON PETERSON; TONYA PETERSON Individually and as Next Friend of RUBY PETERSON; DON LESLIE PETERSON; CAROL PETERSON, Individually and as Next Friend of RUBY PETERSON; and LONNY PETERSON, | § § § § § § § § | IN PROBATE COURT NO. 1 |
| VS. | § § § | |
| SILVERADO SENIOR LIVING, INC. d/b/a SILVERADO SENIOR LIVING – SUGAR LAND | § § § | HARRIS COUNTY, TEXAS |

## PARTIAL WITHDRAWAL AND SUPPLEMENT TO SILVERADO'S 91a MOTION TO DISMISS PLAINTIFFS' SOLE REMAINING CLAIM BREACH OF TRUST AND/OR BREACH OF FIDUCIARY DUTY

Defendant, Silverado Senior Living, Inc. d/b/a Silverado Senior Living Sugar Land

(**Silverado**) files this Partial Withdrawal and Supplement to its pending Rule 91a Motion to Dismiss

Plaintiffs' Sole Remaining Claim Breach of Trust and/or Breach of Fiduciary Duty.

### TRCP 91a5 PARTIAL WITHDRAWAL

1. Plaintiffs filed a Fifth Amended Petition on December 4, 2014 which non-suited co-defendants David Peterson and Carol Manley and joined Plaintiffs' spouses Carol and Tonya Peterson individually and as next friends of Ruby Peterson.[1]

2. In Plaintiffs latest pleading, Carol Peterson and Tonya Peterson now attempt to assert the following causes of action as next friends of Ruby Peterson: false imprisonment; assault and battery; breach of trust and breach of fiduciary duty; and conspiracy.[2] Additionally, Carol

---

[1] On file with the Court and incorporated by reference as if set out fully herein.

[2] *See* Plaintiffs' Fifth Amended Petition.

4841-3975-3249.1

Silverado Appx. 0507

No. 1-15-567-CV **1525**

Peterson and Tonya Peterson assert all claims individually against Silverado with the exception of assault and battery.

3. Don Peterson, Mack Peterson and Lonny Peterson assert the following causes of action against Silverado in their individual capacities despite the fact that that these causes were dismissed on November 10, 2014: false imprisonment and conspiracy.[3] Notably, Don Peterson, Mack Peterson and Lonny Peterson chose to voluntarily non-suit their sole individually surviving claim - breach of trust and/or breach of fiduciary duty.

4. Silverado hereby withdraws the pending Rule 91a Motion to Dismiss solely as to Don Peterson, Mack Peterson, and Lonny Peterson's individual claims. *See* TEX. R. CIV. P. 91a5(b)(c).

## SUPPLEMENT

FIFTH AMENDED PETITION

5. As ratified by the Court and expressly agreed by the parties, the only persons with standing to bring claims on behalf of Ruby Peterson are Carol Manley and/or David Peterson.[4] Newly joined Plaintiffs take the position that they have standing to bring claims on Ruby Peterson's behalf as they are not in agreement with the settlement and believe that all *five* of Ruby Peterson's children (including their husbands) and *two* ad litems "have failed or refused to assert valid claims on her behalf."[5] To support this allegation, Plaintiffs globally allege that Carol Manley and David Peterson "exceeded their authority and/or abused their powers" as Ruby Peterson's agents, "they wanted her to be forced to take medication that she may otherwise

---

[3] *See* November 10, 2014 Order dismissing claims on file with the Court and incorporated by reference as if set out fully herein. *See also,* Plaintiffs' Fifth Amended Petition.

[4] *See* Order Granting Authority for Guardian Ad Litem & Attorney Ad Litem to Execute Peterson Rule 11 Agreement at Exhibit A, ¶2.

[5] *See* Plaintiffs' Fifth Amended Petition at ¶25.

4841-3975-3249.1

Silverado Appx. 0508

refuse to take, and they wanted to exercise complete control over Ruby Peterson's place of residence."[6] Interestingly, all Plaintiffs join in these allegations yet the three brothers acknowledged that the 1993 POA was effective, chose to leave it in place as part of the settlement, and left their mother under the care of Carol Manely and David Peterson. If there were any merit to these hollow allegations, one would think the brothers and their wives would have been more interested in obtaining control over Mrs. Peterson's medical care than access to her estate.[7]

6. Because it is clear from Plaintiffs' pleadings that newly joined Plaintiffs also lack standing to bring any claims on behalf of Ruby Peterson, the Court does not have jurisdiction to hear Plaintiffs' claim, and the Court must dismiss Plaintiffs' breach of fiduciary duty and/or breach of breach of trust cause of action as a matter of law. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012); *see also, Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (Dismissal is appropriate as Plaintiffs can prove no set of facts to support standing).

7. The pleadings and evidence permitted by Rule 59 require dismissal of Plaintiffs' breach of fiduciary duty and/or breach of trust cause of action as a matter of law. TEX. R. CIV. P. 91a.

APPLICATION FOR ATTORNEYS' FEES

8. As the Court is aware, it must award reasonable costs and attorneys' fees to the prevailing party with respect to the challenged causes of action. TEX. R. CIV. P. 91a.7; *Drake*, 2014 Tex. App. Lexis 12572 (Tex. App. – Fort Worth Nov. 20, 2014, no pet. h.); *Long v. Griffin*, No. 11-1021, 2014 Tex. LEXIS 304 (Tex. April 25, 2014) (per curiam). In light of the narrow scope of this

---

[6] *Id.* at ¶26.

[7] *See* Order Granting Authority for Guardian Ad Litem & Attorney Ad Litem to Execute Peterson Rule 11 Agreement at Exhibit A. *Compare* Plaintiffs' Fourth Amended Original Petition at Breach of Trust and Breach of Fiduciary Duty (related to Carol Manley and David Peterson) to Fifth Amended Petition at Breach of Trust and Breach of Fiduciary Duty.

4841-3975-3249.1

91a Motion to Dismiss, Silverado hereby files its application of attorneys' fees consistent with the Court's local rules. The total fees incurred defending against the challenged causes of action as of January 7, 2015 are $2,692.50. *See* Exhibit "A," (Affidavit of Josh K. Davis) attached hereto and incorporated by reference as if set out fully herein.

9. It is within the Court's sound discretion to determine the legal sufficiency of the evidence presented regarding the amount of fees which are reasonable and necessary. *Ridge Oil Co. v. Guinn Invs., Inc.*, 148 S.W.3d. 143 (Tex. 2004) (court-ordered award of attorneys' fees is reviewed under the abuse of discretion standard). The *Drake* Court reinforces that Rule 91a.7 requires an "award of *all* costs and reasonable and necessary attorney fees incurred *with* respect to the challenged cause of action." 2014 Tex. App. Lexis 12572 at *6. Silverado is entitled to recover its reasonable and necessary attorney fees and costs in the event Plaintiffs appeal and/or engage in subsequent motion practice related to the challenged causes of action and Court's findings. *Drake*, 2014 Tex. App. Lexis 12572 (Tex. App. – Fort Worth Nov. 20, 2014, no pet. h.). If Plaintiffs find it necessary to file a Motion to Reconsider and/or Rescind, Silverado requests $750.00 as the reasonable and necessary fees for handling the responsive briefing and hearing related to the same. *See* Exhibit "A," Affidavit of Josh K. Davis. If the matter is appealed, Silverado requests $10,000.00 for its reasonable and necessary fees for handling the appellee's case in the court of appeals, $7,500.00 if plaintiff files a Writ of Error or Petition for Review with the Supreme Court of Texas, and $7,500.00 if the Writ of Error or Petition for Review is Granted by the Supreme Court of Texas. *See id.* In addition to its fees, Silverado requests its costs. *Drake*, 2014 Tex. App. Lexis 12572 (Tex. App. – Fort Worth Nov. 20, 2014, no pet. h.).

4841-3975-3249.1

## PRAYER

Plaintiffs' breach of trust and/or breach of fiduciary duty cause of action has no basis in law or fact and must be dismissed. TEX. R. CIV. P. 91a. The challenged cause of action, taken as true, together with inferences reasonably drawn from it, does not entitle Plaintiffs to the relief sought for the following reasons: 1) Plaintiffs lack standing; 2) Silverado cannot be held liable for relying on a durable and/or medical power of attorney as a matter of law; and, 3) Silverado does not owe a fiduciary duty and/or duty of trust to Plaintiffs. Furthermore, the cause of action must be dismissed as no reasonable person could believe the facts pleaded. As a result, Plaintiffs' breach of trust and/or breach of fiduciary duty cause of action must be dismissed and Silverado must be awarded its fees and costs. TEX. R. CIV. P. 91a; FED. R. CIV. P. 12(b)(6); *see also, Scanlan,* 343 F.3d at 536.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*/s/ Josh K. Davis*

JOSH K. DAVIS
State Bar No. 24031993
CHRISTIAN R. JOHNSON
State Bar No. 24062345
Weslayan Tower, Suite 1400
24 Greenway Plaza
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile

**ATTORNEYS FOR DEFENDANTS,
SILVERADO SENIOR LIVING, INC. D/B/A
SILVERADO SENIOR LIVING SUGAR LAND**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record via e-file, facsimile, hand delivery and/or certified mail, return receipt requested on this 7th January, 2015.

4841-3975-3249.1

Philip M. Ross
1006 Holbrook Road
San Antonio, Texas 78218
*Attorney for Plaintiffs*

Candice L Schwager
The Schwager Law Firm
1417 Ramada Dr.
Houston, Texas 77062
*Attorney for Plaintiffs*

Sarah Patel Pacheco
Crain, Caton & James, PC
1401 McKinney Street
1700 Five Houston Center
Houston, Texas 77010
*Attorneys for Carol Manley and David Peterson*

Jill W. Young
MacIntyre, McCulloch, Stanfield & Young, LLP
2900 Weslayan, Suite 150
Houston, Texas 77027

W. Russ Jones
Underwood, Jones Scherrer & Malouf, PLLC
5177 Richmond Ave, Suite 505
Houston, Texas 77056


*s/ Josh K. Davis*
_____
JOSH K. DAVIS

4841-3975-3249.1

# TAB 62

| | | |
|---|---|---|
| MACKEY ("MACK") GLEN PETERSON | § | IN PROBATE COURT NO. 1 |
| PETERSON; TONYA PETERSON | § | |
| Individually and as Next Friend of | § | |
| RUBY PETERSON; DON LESLIE PETERSON; | § | |
| CAROL PETERSON, Individually and as Next | § | |
| Friend of RUBY PETERSON; and LONNY | § | |
| PETERSON, | § | |
| | § | |
| VS. | § | |
| | § | |
| SILVERADO SENIOR LIVING, INC. | § | |
| d/b/a SILVERADO SENIOR LIVING – | § | |
| SUGAR LAND | § | HARRIS COUNTY, TEXAS |

## ORDER GRANTING SILVERADO'S
## FIRST AMENDED PLEA TO THE JURISDICTION

BE IT REMEMBERED that on this day came on to be considered Defendant, Silverado Senior Living, Inc. d/b/a Silverado Senior Living – Sugar Land's First Amended Plea to the Jurisdiction and the Court after reviewing such motion is of the opinion that this Motion is well taken should be in all things **GRANTED**.

It is HEREBY ORDERED, ADJUDGED and DECREED that CAUSE NO. 427,208 is DISMISSED WITH PREJUDICE to refiling as to Silverado Senior Living, Inc. d/b/a Silverado Senior Living – Sugar Land.

All relief not expressly granted herein is denied.

SIGNED this _9th_ day of _January_ 2015.

_____
JUDGE PRESIDING

4816-7740-7520.1

Silverado Appx. 0513

No. 1-15-567-CV **1513**

TAB 63

CAUSE NO. 427,208—401

| | | |
|---|---|---|
| MACKEY ("MACK") GLEN PETERSON | § | IN PROBATE COURT NO. 1 |
| PETERSON; TONYA PETERSON | § | |
| Individually and as Next Friend of | § | |
| RUBY PETERSON; DON LESLIE PETERSON; | § | |
| CAROL PETERSON, Individually and as Next | § | |
| Friend of RUBY PETERSON; and LONNY | § | |
| PETERSON, | § | |
| | § | |
| VS. | § | |
| | § | |
| SILVERADO SENIOR LIVING, INC. | § | |
| d/b/a SILVERADO SENIOR LIVING – | § | |
| SUGAR LAND | § | HARRIS COUNTY, TEXAS |



## ORDER GRANTING APPLICATION FOR ATTORNEY FEES PURSUANT TO RULE 91a ORDER ENTERED ON NOVEMBER 10, 2014

BE IT REMEMBERED that on this day came on to be considered Defendant, Silverado Senior Living, Inc. d/b/a Silverado Senior Living – Sugar Silverado Senior Living, Inc. d/b/a Silverado Senior Living Sugar Land Application for Attorney Fees Pursuant to Rule 91a Order Entered On November 10, 2014 and the Court after reviewing such motion, supplement, any response thereto, objections and response, and oral argument is of the opinion that this Motion is well taken should be in all things **GRANTED**.

IT IS THEREFORE ORDERED, that Silverado Senior Living, Inc. d/b/a Silverado Senior Living – Sugar Land be awarded its costs and attorneys' fees in the amount of $ 83,265 .54

IT IS FURTHER ORDERED, that Silverado Senior Living, Inc. d/b/a Silverado Senior Living – Sugar Land be awarded its costs and attorneys' fees in the amount of $ 10,000 00 in the event of appeal, $ 7500 00 if plaintiff files a Writ of Error or Petition for Review with the Supreme Court of Texas, and $ 7500 00 if the Writ of Error or Petition for Review is Granted by the Supreme Court of Texas.

4811-0648-8097.1

All relief not expressly granted herein is denied.

SIGNED this ___9ᵗʰ___ day of ___January___ 2015.

<u>JUDGE PRESIDING</u>

Approved and Entry Requested By:

*/S/ Christian R. Johnson*

JOSH K. DAVIS
State Bar No. 24031993
CHRISTIAN R. JOHNSON
State Bar No. 24062345
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
Weslayan Tower, Suite 1400
24 Greenway Plaza
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile
**ATTORNEYS FOR DEFENDANTS,
SILVERADO SENIOR LIVING, INC. D/B/A
SILVERADO SENIOR LIVING SUGAR LAND**

4811-0648-8097.1

Silverado Appx. 0515

No. 1-15-567-CV 1515